## HUBBELL v. TOWN OF CUSTER CITY.

1  A municipal warrant, though negotiable in form, is not a negotiable instrument, so as to exclude an inquiry as to the legality of its issuance when in the hands of a *bona fide* holder, or preclude defenses which are available as against the original payee.

2.  Where there is no recital in a municipal warrant that any or all of the requirements of the law with reference to its issuance have been complied with, the corporation is not estopped from showing its want of power.

3.  Comp. Laws, § 1048, requires a petition by the resident owners of five-eights of the taxable property of a municipality, and the signatures verified by affidavit, to authorize the city to borrow money or incur debt. A petition of the resident owners of five-eights of the taxable property in a town prayed that the board of trustees at once call a meeting to let contracts for certain internal improvements, necessary to be made by the town; stating that, in the citizens' opinion, $3,000 will be necessary to meet the requirements of such outlay, and that such amount can be expended to the benefit of the town. *Held*, that such petition was sufficient to advise the board that a sufficient

number of qualified persons desired to incur a municipal debt of $3,000 for a specified purpose.

4. A resolution of a town board of trustees stated that a petition signed by a sufficient number of qualified electors of the taxable property of the town, as provided for in Comp. Laws, § 1048, praying for certain spec__ed improvement, and that a certain sum be spent therefor, having been presented and granted, and that the committee to select a site having made a favorable report, and recommended a site therefor, it was resolved by the board to contract for the erection of a building, to be used as an electric light plant and other purposes, with some reliable person, and that the town pay a certain sum, in city warrants, therefor, and to create a sinking fund for the liquidation of the debt and accruing interest, and that a levy be made as provided by law and Section 1048. In conformity with a contract made pursuant to law and Section 1048, the payee named in the warrant made the basis of this action erected a building, which was duly accepted by defendant. There was no evidence that it had been transferred, or that plaintiff ever knew that it was to be used for a purpose other than that of an electric light plant. There was evidence that no steps were taken towards a transfer until after the completion of the building and the warrant issued in payment therefor. *Held*, that the facts failed to show any want of authority on the part of the town to contract the debt, and that a judgment for the town in an action on the warrants was erroneous.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Custer county. HON. LEVI McGEE. Judge.

Action by Francis M. Hubbell against the town of Custer City. From a judgment in favor of defendant, and from an order overruling a motion for a new trial, plaintiff appeals. Reversed.

*Ed L. Grantham,* for appellant.

The contract sued upon is a negotiable instrument, § 4456, Comp. Laws; 15 Am. and Eng. Enc. of Law, 1292; Kelley v. Mayor of Brooklyn, 4 Hill N. Y. 265; Crawford Co. v. Wilson, 7 Ark. 214;

Hancock Co. v. Chiccat Co., 32 Ark. 575; Fairchild v. Ogdensberg R. Co., 15 N. Y. 337; Gaines v. Wiswell, 83 Ills. 215; Shepard v. Tular Irr. Dist., 94 Fed. 1; Seybert v. Pittsburg, 68 U. S. 272; Galena v. Corinth, 48 Ills. 423; Evansville R. Co. v. Evansville, 15 Ind. 393; Rogers v. Burlington, 70 U. S. 654; Com. v. Pittson, 34 Pa. 446; Com. v. Alleghany Co., 37 Pa. 241.

The instrument was issued for a lawful purpose, § 1043 Comp. Laws; Bank of Chilocothe v. Chilocothe, 7 Ohio 231; Mills v. Gleason, 11 Wis. 470; Clarke v. Janesville, 10 Wis. 136; Ottawa v. Corry, 108 U. S. 110; Brockman v. Creston, 44 N. W. 822; Portland v. Schmidt, 13 Ore. 17; Wells v. Salina, 7 L. R. A. 759; Bank v. Kansas City, 34 L. R. A. 518; Moundon v. Greenville, 8 L. R. A. 291; Crawfordsville v. Baden, 130 Ind. 149; 28 N. E. 849; People v. Harris, 4 Cal. 9; Torrent v. Muskegan, 47 Mich. 115; 15 Enc. Law 1 1072; State v. Haynes, 72 Mo. 377; State v. Babcock, 41 N. W. 155; Spaulding v. Lovell, 23 Pick 71; Greeley v. People, 60 Ills. 19; Jacksonville El. Lt. Co. v. Jacksonville, 30 L. R. A. 540; Opinion of the Justices, 150 Mass. 592, 8 L. R. A. 487; Smith v. Nashville, 88 Ten. 464; 7 L. R. A. 469; William v. Gas Co., 52 Mich. 499; Flemming v. El. Lt. Co. 100 Ala. 652; Gale v. Kalamazoo, 23 Mich. 344; State v. Hamilton, 47 O. 52; Jacksonville El. L. Co. v. City of Jacksonville, 30 L. R. A. 540; Crawfordsville v. Braden, 130 Ind. 149; Opinion of the Justices, 150 Mass. 592; 8 L. R. A. 487; Maudlin & Greenville, 8 L. R. A. 291; Smith v. Nashville, 88 Tenn. 464; 7 L. R. A. 469; Williams v. Mutual Gas C., 52 Mich. 499; 50 Am. Rep. 266; Flemming v. Montgomery Light Co., 100 Ala. 657; Spaulding v. Lowell, 23 Pick. 71; Gale v. Kalamazoo, 23 Mich. 244; Thompson Houston Co. v. Newton, 42 Fed. 728.

The defendant is estopped from making defense to the instrument sued upon by the recitals in the instrument and by its records.

National Life Ins. Co. v. Board of Ed. Huron, 62 Fed. 784; Moran v. Commissioners, 2 Black 722; Hachett v. Ottawa, 99 U. S. 86; Ottawa v. National Bank, 105 U. S. 342; Zabriski v. Ry. Co., 23 Howard 381; Paxton v. Brown, 61 Fed. 874; Omaha Bridge cases, 10 U. S. App. 101, 2 C. C. A. 174; 51 Fed. 309; Board v. Rollin, 19 U. S. Sup. Ct. 390; 15 Enc. of Law 1299, and cases cited; 1302, note 3, 1303 and cases cited; Speer v. Comr., 32 C. C. A. 101-110-111; Webster v. Douglas Co., 77 N. W. 885.

That a municipal corporation has given away, or squandered the proceeds of negotiable securities which it his placed upon the market can not affect the rights of bona fide purchasers who had no knowledge or part in the waste or gift. They are in no way responsible for the economical use by the corporation of the fund it borrows. County Commissioners v. Beal, 113 U. S. 127; 5 Sup. Ct. 433; Cairo v. Zahn, 149 U. S. 122; 13 Sup. Ct. 433; Moxey v. Williamson Co., 73 Ills. 201; Hackett v. Ottawa, 99 U. S. 86; Ottawa v. Bank, 105 U. S. 342; Board v. Rollin, 19 Sup. Ct. Rep. 390; Speer v. Comr., 32 C. C. A. 101; Webster v. Douglas Co., 77 N. W. 885; 15 Enc. of Law, 1299, note, 1302 and note 3; 1303 and citation.

*Buel R. Wood,* for respondent.

A municipal warrant is not a negotiable instrument and is always subject to inquiry into the circumstances under which it was put into circulation. Anderson's Law Dict, 744; Erskine v. Steele county, 28 L. R. A. 645; Bank v. School Dist, 28 L. R. A. 642; Sutro v. Pettit, 5 Am. State Rep. 442; Shannon v. Huron, 9 S. D. 356.

No recital of power to issue the instrument in suit is of any binding force. Bank v. Porter, 110 U. S. 608; Bigelow Est. 376; Startin v. Ganon, 23 N. Y. 439; Coguin v. Hancock, 84 N. Y. 532.

FULLER, P. J.   This appeal is from an order overruling a motion for a new trial, and from a judgment in favor of the defendant entered in an action based upon the following written instrument: "$250.00.   Custer City, S. D., May 8th, 1894.   No. 482.   The treasurer of the town of Custer City will pay to Odo Reder, or bearer, two hundred fifty and no-100 dollars out of sinking funds in the town treasury not otherwise appropriated.   Payable Dec. 1, 1896.   For part of second payment of internal improvements.   Oliver Fisher, President of Board.   [Seal.]   J. F. Smith, Town Clerk."   This instrument was duly registered and presented for payment on the 5th day of June, 1894, and indorsed, "Not paid for want of funds." The case being tried without a jury, the court determined "that the defendant is a municipal corporation organized under the laws of the Territory of Dakota, now State of South Dakota;   (2) that on the 8th day of May, 1894, the defendant, as such corporation, through its proper officers, issued the instrument sued on in this action for the sum of $250;   (3) that the plaintiff in this case purchased the said instrument;   (4) that the said instrument was so issued by the said defendant for the purpose of purchasing a site in Custer City, S. D., and erecting thereon a building, which property, after its completion, was to cost $3,000, and was to be donated to the Akron Mining and Milling company, a corporation of the State of Ohio, to be used by them in the manufacture of lubricants; (5) that the instrument on its face does not show that it is other than an ordinary town warrant, but the record of the board of trustees of defendant does show that the said instrument was issued for an illegal purpose, and for a purpose beyond the power of the said board of trustees of said town of Custer City, S. D."

Counsel for appellant contends that all evidence admitted over his objection is inadmissible, for the reason that the subject of the

action is a negotiable instrument in the hands of an innocent purchaser, and subject to no such defense. As to form, this obligation may be regarded a negotiable instrument, such as a bill, note, or ordinary commercial paper; and yet the statute does not, either expressly or by implication, enable the holder to exclude inquiry as to legality, for the reason that a municipal corporation cannot invest such instrument with the character of commercial paper, so as to give it immunity, in the hands of a *bona fide* holder, from any defense existing between the immediate parties. The power conferred on municipal corporations to contract debts for the making of internal improvements, and to levy taxes with which to pay the same, is not sufficient to confer authority to execute an instrument possessing all the attributes of negotiability, according to the law merchant. To thus shield such obligation, in the hands of a transferee, from any defense existing against the original holder, would be contrary to public policy, and in violation of the purpose and intent of our statute law. Judge Dillon thus concludes a most interesting discussion of the inability of such corporations, in the absence of express power, to issue negotiable paper; "No municipal or public corporation has the right to invest any instrument it may issue, whatever its form, with that supreme and dangerous attribute of commercial paper which insulates the holder for value from defenses and equities which attach to its inception. This point ought to be guarded by the courts with the utmost vigilance and resolution." 1 Dill. Mun. Corp. par. 126. At page 435, 1 Daniel, Neg. Inst., that eminent author says: "There is no doubt, however, that public corporations may have the power conferred on them to execute bills, notes, checks, and indeed, all varieties of negotiable instruments. But the better opinion is that such power does not exist, unless expressed or clearly implied. The ordinary orders, warrants, cer-

tificates of indebtedness, and obligations to pay issued by municipal corporations, if negotiable in form, will, in general, enable the holder to sue in his own name. But they are not negotiable instruments, so as to exclude inquiry into the legality of their issue, or preclude defenses which are available as against the original payee." This doctrine is supported by elementary authority of acknowledged weight, and sustained by the almost uniform decisions of the highest courts. Claiborne Co. v. Brooks, 111 U. S. 400, 4 Sup. Ct. 489, 28 L. Ed. 470: Knapp v. Mayor, etc., 39 N. J. Law 394; Police Jury v. Britton, 15 Wall, 566, 21 L. Ed. 251.

There being no recitals in the warrant to the effect that all or any of the requirements of the law with reference to its issuance have been complied with, there is no merit in the contention of counsel that respondent is estopped from attempting to establish its want of power. The defense relied upon, if good as against the person to whom the warrant was issued, is available in this action, and it therefore becomes necessary to determine whether the facts found by the court are sustained by the evidence. It appears from the record that, on the 7th day of April, 1894, the resident owners of five-eighths of the taxable property of the town petitioned the board of trustees as follows: "That you at once call a meeting of your members for the purpose of letting contracts for certain internal improvements which are, by the citizens of said town, necessary to make; that, in the opinion of your petitioners, the sum of $3,000 will be necessary to meet the requirements of said outlay; that said amount can be expended to the great benefit of the said town; and your petitioners will ever pray." Attached to such petition is an affidavit verifying the genuineness of the signatures, and, while the petition is somewhat ambiguous, we are disposed to regard it sufficient, under Section 1048 of the Compiled Laws, to advise the board

of trustees that a sufficient number of qualified persons was desirous of incurring a municipal debt of $3,000 for a specified purpose. After the formal selection of a site on which to erect the improvement in question, and at a meeting regularly called, the following action was taken by the board of trustees upon the petition above mentioned: "Whereas, a petition signed by the citizen owners of five-eighths of the taxable property of the town of Custer City, S. D., as provided for in Section 1048 of the Compiled Laws of 1887, South Dakota, praying that this board make certain internal improvements in said town, and that the sum of $3,000 in city warrants be expended in making said improvements, has been presented to this board, and said petition has been considered and granted; and whereas, the committee appointed to select and recommend a suitable site for said improvements have made a favorable report, and have recommended a suitable site therefor—therefore be it resolved by the board of trustees of the town of Custer City, S. D., that said board of trustees enter into a contract with some reliable and responsible person to erect a building on said site, to be used for an electric light plant and other purposes; and that said town pay therefor a sum not to exceed $3,000 in Custer City warrants. Be it further, resolved, that a sinking fund be created by this board for the liquidation of the said principal debt, and for the payment of the interest that may accrue thereon, and that a levy be made as provided by law and Section 1048, Comp. Laws 1887, Dakota." In strict conformity with a contract made pursuant to law on the 8th day of May, 1894, the payee named in the warrant erected a building, which was duly accepted by the town of Custer City, and there is nothing to indicate that he knew or had any reasonable ground to suspect that such building would ever be donated to the Akron Mining & Milling Company; nor does the evidence show that it was thus disposed

of. As a matter of fact, the undisputed testimony is that the building was erected for the purpose of being used by the town as an electric light plant, and no steps were taken towards a transfer of the property until long after the structure was completed and the warrant made the basis of this suit was issued in settlement therefor. The officers of the municipality are presumed to have done their duty in the execution of the warrant, and the burden or impeaching such instrument rests upon respondent. As the evidence fails to show that the property has ever been transferred, or that appellant ever knew that it was to be used for a purpose other than that of an electric light plant, the court's findings, so far as the same are adverse to appellant, are not sustained by the record.

We are satisfied that respondent has failed to show a want of legal authority to make the contract for the erection of the building, by reason of which the obligation was created, and that all proceedings with reference thereto were had in substantial compliance with the statute. The judgment appealed from is therefore reversed, and the case remanded for further proceedings not at variance herewith.